**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JAMES MICHAEL GREEN,** | : | **MOTION TO VACATE** |
| **Movant,** | : | **28 U.S.C. § 2255** |
| | : | |
| **v.** | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:11-CR-0367-JEC-AJB-1** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent.** | : | **CIVIL FILE NO.** |
| | : | **1:14-CV-0952-JEC-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**<u>FINAL REPORT AND RECOMMENDATION</u>**

Movant, James Michael Green, has filed a joint 28 U.S.C. § 2255 motion and 28 U.S.C. § 2241 petition, which the Clerk of Court docketed as a § 2255 motion. By separate Order, the portion of Movant's filing that is a § 2241 petition has been filed in a new civil action, and that portion of his filing is not further addressed in these proceedings.

The matter is before the Court for preliminary review of the portion of Movant's filing that constitutes his § 2255 motion. [Doc. 30, Br. § A.] Rule 4(b) requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings, Rule 4(b).

I.     **Discussion**

Movant pleaded guilty to one count of conspiracy to commit bank and wire fraud.  [Doc. 4, Attach.]  On March 22, 2012, the Court imposed a thirty-seven month term of imprisonment and five years of supervised release.  [Doc. 24.]  As part of that order, the Court stated,

> The Court strongly urges the BOP **NOT** to send the defendant to the halfway house in Atlanta during the last 6 months of the defendant's sentence.  Instead, the Court has ordered that the first 6-months of the defendant's supervised release shall be served on home confinement.
>
> The Court makes this recommendation not out of any desire to provide leniency for the defendant, but out of its concern that placement of the defendant in the local halfway house will ultimately endanger the community.

[*Id.* at 2.]  In December 2013, Movant filed a motion for clarification, in which he alleged that the Federal Bureau of Prisons (BOP) had misinterpreted the Court's language to mean that "the first six months of Defendant's supervised release shall be a term of imprisonment instead of the final six months of his prison term being served on home confinement . . . [and] to mean that the Defendant is not eligible for any halfway house placement whosoever [sic]."  [Doc. 27 ¶¶ 5, 6.]  The Court granted clarification and found as follows:

2

> [I]f the choice is between 6 more months confinement or 6 months in a halfway house, the Court prefers the latter. Stated another way, the defendant should not be treated any differently than any other defendant who is facing the last 6 months of his term of confinement.
>
> . . . To avoid any misunderstanding, [the Court] has issued an Amended Judgment that deletes the earlier language expressing a preference that the defendant not be sent to the Atlanta halfway house facility.

[Doc. 28 at 2.]  On January 9, 2014, the Court entered an amended judgment, which again imposed a thirty-seven month term of imprisonment and five-years of supervised release but deleted the earlier language (1) that Movant not be sent to an Atlanta halfway house during the last six months of his sentence and (2) that the first six months of his supervised release be served on home confinement.  [Doc. 29.]  Movant did not appeal.

On March 31, 2014, Movant filed his instant § 2255 motion in which he challenges his sentence on the grounds that it resulted in a miscarriage of justice because the Court was unaware that the BOP would change its policy of honoring judicial recommendations and fail to execute his sentence as intended by the Court. [Doc. 30, Br. § A.]  Movant requests that, in order to implement the Court's intent, he be re-sentenced to a term of thirty months of imprisonment and five-and-a-half years

3

of supervised release, with the first six months of supervised release to be served in home confinement.  [Doc 30, Count I.]

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255. Collateral relief, however, "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979), *superseded by rule on other grounds as stated in United States v. Orozco*, 160 F.3d 1309, 1313 n.5 (11th Cir. 1998).  Section 2255 is reserved for claims that allege "a lack of jurisdiction or constitutional error" or allege other "error of law" that constitutes " 'a fundamental defect which inherently results in a complete miscarriage of justice.' "  *Id*. at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Thus, although re-sentencing under § 2255 is permissible if the original sentence was based on " 'misinformation of constitutional magnitude,' . . . there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge."  *Id*. at 179, 187 (citation omitted) (holding that § 2255 was unavailable for claim that "postsentencing change

4

in the policies of the United States Parole Commission ha[d] prolonged [the prisoners'] actual imprisonment beyond the period intended by the sentencing judge"); *see also Ayuso v. United States*, 361 Fed. Appx. 988, 991 (11th Cir. Jan. 22, 2010) ("[Movant's] sentencing claim is not cognizable under § 2255 because it is not a constitutional error and does not rise to the level of a miscarriage of justice."); *Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998) ("We thus hold that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice.").

An evidentiary hearing is not required in this case because " 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255).  Whether Movant spends all of his lawfully earned thirty-seven month term of imprisonment, [*see* Docs. 24, 29], in prison or spends part thereof in a half-way house or home confinement presents no question of legal error that rises to the level of "a complete miscarriage of justice." *Burke*, 152 F.3d at 1332.  Movant's motion should be denied.

5

## II.    Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

It is recommended that a COA is unwarranted because it is undebatable that Movant's claim does not present grounds for relief under § 2255. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of

Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**III.**   <u>**Conclusion**</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion, [Doc. 30], to vacate, set aside, or correct his federal sentence be **DENIED**, and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  15th  day of  April  , 2014.

<u>ALAN J. BAVERMAN</u>
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/8
2)